**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RICHARD SUNDAY IFILL,**

                **Plaintiff,**

                v.                 **9:10-CV-1474 (GLS/RFT)**

**ANDREA W. EVANS, Chairwoman; NYS Board of Parole; MS. L. FISHER, Senior Parole Officer; Coxsackie Correctional Facility; BRIAN FISCHER, Commissioner; NYS Dept. of Corrections, JAMES B. FERGUSON, JR., Parole Commissioner; Division of Parole; HENRY LEMONS, JR., Parole Commissioner; Division of Parole; MICHAEL A. HAGLER, Parole Commissioner, Division of Parole; MS. SUSAN AVERY, Facility Parole Officer II; Coxsackie Correctional Facility; MCKENZIE TRUBRIDGE, Facility Parole Officer; and HERNANDEZ, Parole Commissioner,**

                **Defendants.**

---

**APPEARANCES:**              **OF COUNSEL:**

**FOR THE PLAINTIFF:**

RICHARD SUNDAY IFILL
Last Known Address:
88-A-9838
Coxsackie Correctional Facility
Coxsackie Regional Medical Unit
Box 200

Coxsackie, New York 12051

**FOR THE DEFENDANTS:**

HON. ERIC T. SCHNEIDERMAN RICHARD LOMBARDO
New York State Attorney General Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe
Chief Judge**

## **DECISION AND ORDER**

The court cannot locate *pro se* plaintiff, Richard Sunday Ifill. Accordingly, it considers *sua sponte* Ifill's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On December 8, 2010, Richard Sunday Ifill filed a 1983 prisoner civil rights action. *See Dkt. No.* 1. On May 24, 2011, an order was issued granting the plaintiff's *in forma pauperis* application. At that time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a *pro se* litigant. *See Dkt. No.* 8. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders

mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, Ifill has acknowledged this obligation by filing a change of address on August 18, 2011. *See Dkt. Nos. 41.*

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

3

On February 13, 2012, the court issued a Memorandum-Decision and order granting defendants' motion to revoke the plaintiff's *informa pauperis* application. The court ordered the plaintiff, if he wishes to proceed with this action, he must pay the statutory filing fee within forty five (45) days from the date of the Order. *See Dkt. No.* 51. Ifill's copy was mailed to his last known address, but was marked return to sender - - Released. *See Dkt. No.* 52. This court ascertained that Ifill was paroled on January 13, 2012. See N.Y.S. Department of Corrections website; http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120.

On February 27, 2012, the Court issued an order directing Ifill to notify the court within fourteen days of his current address and/or verify that his mailing address as listed in the caption of this order. *See Dkt. No.* 53. The court warned Ifill that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). A copy of the order was sent to the last known address of the plaintiff.

On March 7, 2012, Ifill's copy of the order was marked return to sender - Unable to Forward, Released. See Dkt. No. 54.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes.

*Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions.  *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Ifill's failure to provide this court with a change of address warrants dismissal.  Rule 41(b) of the Federal Rules of Civil Procedure allows a

court to dismiss an action for failure to prosecute. According, it is hereby

**ORDERED** that Ifill's complaint is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's February 27 Order, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties at the addresses listed in the caption as directed under the local rules; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:** **March 12, 2012**
**Albany, New York**

*Gary L. Sharpe*
Chief Judge
U.S. District Court